## In re PINCUS CLOTHING CO.

District Court, S. D. Alabama.
Dec. 21, 1933.

Brown & Kohn, of Mobile, Ala., for lien claimant.

Arthur J. Kearley, of Mobile, Ala., for trustee.

ERVIN, District Judge.

This matter comes up on a motion for rehearing from my order affirming the referee's finding in the lien claim of Mrs. Florence M. Pincus as landlord.

After considering the matter and again going over the facts, I am convinced that the finding of the referee was correct in part and erroneous in part, and therefore my affirmance was wrong. The order entered by me on November 25th affirming the referee's finding is therefore set aside.

As I now gather the facts, the lease was made by the claimant to the bankrupt on May 3, 1928, for ten years at an agreed rental of $1,000 a month to be payable on the last day of each month, and this rent was paid until May, 1931, when a further agreement was entered into between the landlord and the tenant, which provides:

"That the rent payable for the months of May 1931 to and including the month of April 1933, instead of being payable $1,000.00 on the last day of May 1931, and on the last day of each month thereafter, to and including the last day of April 1933, being payable as follows, * * * $650.00 on the last day of May 1931, and $350.00 with interest on the last day of March 1938, said amount of $350.00 to bear interest at the rate of 8% per annum from the last day of May 1931. * * * That if the lessee shall promptly pay the twenty-four payments of $650.00 each hereinbefore set forth and shall promptly pay the fifty-nine rental payments of $1,000.00 each, stipulated in the lease to be paid, respectively, on the last day of May 1933, and on the last day of each month thereafter, the lessor will release the lessee from its obligation to the lessor to pay the twenty-four installments of $350.00 each, with interest, to be paid by the lessee on the last day of March 1938."

On April 7, 1932, a further agreement was entered into between the lessor and the lessee by which the rent payable from April, 1932, to December, 1932, was reduced from $650 to $500 per annum. These two agreements had the effect of reducing the payments to be made by the tenant of the original lease to the amount named in the agreements for the specified periods just as though they had been so written in the original lease.

It appears that the tenant paid these installments of rent down to and including December, 1932, but failed to pay the rent for January, February, and March, 1933. The adjudication was made on March 31, 1933, the day on which the March installment fell due. The landlord filed her claim in the bankrupt court. In the claim the landlord sets up the various items of $350 and $500 which were not paid pursuant to the two amendments to the lease and which under these amendments were payable on the last day of March, 1938.

Objection is made to the claim by the trustee in bankruptcy under provisions of section 8814 of the Code of Alabama of 1923, which reads as follows:

"The landlord of any storehouse, dwelling house, or other building, shall have a *lien* on the goods, furniture and effects belonging to the tenant, and subtenant, for *his rent,* which shall be superior to all other liens, except those for taxes. In case the tenant or subtenant is adjudged a bankrupt, *such lien* on such goods, furniture and effects of the bankrupt, except for a dwelling house, used exclusively as a dwelling, shall, as against the trustee in bankruptcy, attach only for *unpaid rent accrued* and which *shall accrue within six months* from the date of adjudication computed pro rata at the then current rate. The *lien amount accrued and to*

*accrue shall not be increased* by reason of any *default or breach* of contract by the bankrupt. From the amount of such lien, so computed, the trustee in bankruptcy may deduct all payments and all demands which could be legally set up against the landlord by way of recoupment, set-off, or counterclaim. If the trustee in bankruptcy 'shall dispose of the lease as an asset of the bankrupt estate, then the landlord shall have a lien on the goods, furniture and effects of any person holding under the trustee in bankruptcy." (Italics mine.)

This objection is based on these words found in this section, "The lien amount accrued and to accrue shall not be increased by reason of any default or breach of contract by the bankrupt."

Much of the argument is based on the meaning of the wording "accrued or accrue" as used in the statute. The landlord contends that the meaning of these words is whether the rental payments had been earned, while the trustee contends the meaning is that the payments become due and collectable. Many authorities have been cited on each of these contentions, so that it appears that the meaning of the word "accrue" is dependent somewhat on the facts of each case and the objects to be accomplished either by the statute or contract in which the word is used.

■ In the first place, the statute gives to the landlord a lien on the goods, furniture, and effects belonging to the tenant which receives the benefit of protection in the building. This building was occupied as a clothing store and the lease contemplated a mercantile establishment where goods are stored for sale. Manifestly, therefore, goods which might be in the store one day would not be there the following day, and in the course of a period of time, practically the whole stock of goods would change, so it appears to me that a claim which could not be in any event collected until 1938 would not be intended to give a lien on the goods which were in the store in 1931, 1932, and 1933. So when the statute says that where the tenant is adjudged bankrupt the lien shall, as against the trustee, attach only for unpaid rent accrued and which shall accrue within six months from the day of adjudication, then the contemplation of the statute was that it was rent which became due and payable within that time. Again it says "rent accrued," that certainly means rent which is then payable and which can be collected within six · months.

The intent as I gather it is to give a lien on the stock for the time the building is occupied by the bankrupt, and for six months thereafter, though not then occupied by the bankrupt, but required by the trustee to sell and dispose of the goods. So it seems to me from all the recitals of this particular act that the word "accrue" should be given the meaning of due and payable, and not that of being earned.

The next question for determination arises under these words of the statute: "The lien amount accrued and to accrue shall not be increased by reason of any default or breach of contract by the bankrupt."

■■ Applying this provision to the facts of this case, let us see how it works out. The contract provides that a certain part, either $350 or $500 of the monthly rental shall not be payable on the last day of certain months, but shall be payable with interest on the last day of the lease contract, namely the last day of March, 1938. Now suppose the tenant does pay the $650 or $500, as it may be, during the period contemplated by the amended contracts, and then shall continue to make the $1,000 payments called for by the contract to the end of the term. Certainly, under the provisions of the amended contract, these deferred payments cannot be collected under this contract. How, then, could any be collected? Only by a *default or breach* by the tenant.

In this aspect it may be observed that the construction of the word "accrue," whether "earned" or "payable," is immaterial, for these installments can be enforced as a lien by the landlord or collected only by the default or breach by the tenant, and this is forbidden by the statute.

The objection of the trustee to this part of the claim of the landlord will be, therefore, sustained.

■ The next question arises on the proposition of the attorney's fee. It is contended that the contract creates no lien for an attorney's fee, but the contract does provide for an attorney's fee to be paid by the tenant under certain contingencies, and I think the petitioner is entitled to a reasonable attorney's fee, which I fix at $500.

So much of the claim as is for rent which shall accrue within six months from bankruptcy as fixed by the original and supplemental contracts is allowed. The referee will therefore be instructed to disallow so much of the claim as is for the amounts post-

368

poned by the supplemental contracts for payment in March, 1938, but allowing the claim for amounts fixed by the original and supplemental contracts for six months from the day of adjudication, and also allowing the attorney's fee of $500.